JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIOMARA JEANNETTE SOLARES, an individual,<br><br>          Plaintiff,<br><br>  vs.<br><br>ACE CASH EXPRESS, INC., a Texas Corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | CASE NO. CV 15-7362-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

      Before the Court is Plaintiff's Motion to Remand, which was filed on November 4, 2015. (Dkt. No. 18). Having been thoroughly briefed by both parties, this Court took the matter under submission on November 30, 2015.

      A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C.

§ 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

Once a plaintiff challenges the jurisdictional amount, "the party invoking the jurisdiction of the federal court *has the burden of proving that it does NOT appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount.* Thus, in removal cases, it is incumbent upon the defendant to make the above showing." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (emphasis in original). A defendant seeking removal must "be held to a higher burden than showing a mere possibility that the jurisdictional amount is satisfied." *Id.* (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155-56 n. 2 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010))). In order to survive remand, the removing defendant must demonstrate that the amount in controversy requirement is satisfied by a preponderance of the evidence. *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). When the amount in controversy is unclear from the face of the Complaint, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67. The Ninth Circuit's practice is to "consider[ ] facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal. Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

Defendant claims that common sense and past jury verdicts provide sufficient support for satisfying its burden of demonstrating that the amount in controversy is met. While a removing Defendant may rely on the use of jury verdicts from similar cases to help establish the requisite jurisdictional amount, simply pointing to any cases throughout the country with the same causes of action as the present case, which have awarded damages in excess of $75,000, does not provide a sufficient basis for meeting the removing Defendant's burden of proof. *See generally Simmons v.*

*PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Defendant has provided no evidence suggesting that this case is sufficiently factually analogous to its cited cases, nor has it made any non-speculative showing that this case will more likely than not meet the amount in controversy threshold based on its own unique facts. Conclusory allegations stating that the amount in controversy requirement has been satisfied does not provide a sufficient basis for this Court to rebut the strong presumption in favor of remand. *See generally Gaus*, 980 F.2d at 566. The Defendant has therefore failed to meet its burden, and the Plaintiff's Motion to Remand must be GRANTED.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 18).

Dated: December 14, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE